UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Hema Kasisomayajula,   Case No.   3:21-cv-1745

          Plaintiff

    v.   MEMORANDUM OPINION
AND ORDER

Tara Bailey, *et al.*,

          Defendants

**Introduction and Background**

*Pro se* plaintiff Hema Kasisomayajula has filed an *in forma pauperis* civil complaint in this case against three individual defendants: Tara Bailey, Timothy Mitchell, and Sherri Stevensen. (Doc. No. 1.) Although her complaint is unclear, she contends her rights were violated by defendants, and that she was unlawfully retaliated against with eviction actions, after she complained about conditions in her apartment building. She alleges defendant Bailey is the manager of her apartment building, and that defendant Mitchell is a "handyman/apartment staff member." (*Id.* at 2.) She indicates that an eviction action previously bought against her was dismissed, and seeks injunctive relief pertaining to a pending action against her, which she contends is without merit and violates her rights.

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated below, her complaint is dismissed.

1

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief.   In assessing whether a complaint states a claim under § 1915(e)(2)(B), the court must apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).   Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), even a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a dismissal for failure to state a claim.  See *Hill*, 630 F.3d at 470-71.

Upon review, I find that plaintiff's complaint must be dismissed.

Claims by individuals which seek to vindicate federal constitutional rights may be asserted under the federal civil rights statute, 42 U.S.C. § 1983.   See *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).   But in order "[t]o state a claim under . . . § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."   *Nouri v. Cnty. of Oakland*, 615 Fed. Appx. 291, 295 (6th Cir. 2015), quoting *West v. Atkins*, 487 U.S. 42, 48 (1988).   A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct.  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

Plaintiff contends defendants have violated her federal constitutional rights in connection with her housing and by pursuing eviction actions against her, but she does not allege that any of the defendants is a state actor, or that their conduct is otherwise "fairly attributable to the state" as it relates to her allegations of misconduct.   See *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636

(6th Cir. 2005). On its face, plaintiff's complaint purports to allege constitutional claims against private individuals, which are not cognizable under § 1983. *See Moneyham v. Practer*, No. 17-2068, 2017 WL 2375945, at *1 (W.D. Tenn. May 2, 2017) (adopting Report and Recommendation and dismissing *pro se* civil rights complaint brought against private landlord for lack of state action).

Further, to the extent the plaintiff is asking me to enjoin, or to otherwise interfere with, a pending state-court eviction action, the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971) precludes me from exercising jurisdiction over such a claim. "[W]hen state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts." *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997 (6th Cir. 2003).

## Conclusion

Accordingly, plaintiff's complaint in this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge